IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRITTENDEN BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-0433-D |
| VS. | § | |
| | § | |
| DRIVE CASA, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Following a bench trial in which the court found in favor of defendants, plaintiff Crittenden Berry ("Berry") moves for reconsideration and judgment as a matter of law.[1] The court denies the motion.[2]

Berry fails to meet the standard for relief under Fed. R. Civ. P. 59(e). He has not

[1]Berry did not move for judgment as a matter of law at trial. *See Morris v. GreCon, Inc.*, 2018 WL 11351310, at *3 (E.D. Tex. Dec. 20, 2018) ("[A] party moving for a judgment as a matter of law must first do so at the close of all evidence, in order to renew such a motion after judgment has been rendered." (citing *Taylor Pub. Co. v. Jostens, Inc*., 216 F.3d 465, 471 (5th Cir. 2000)).

[2]The court construes Berry's motion as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Jones v. Moore*, 2021 WL 5760677, at *1 (N.D. Tex. Dec. 3, 2021) (Fitzwater, J.); *Davila v. Walmart Stores, Inc.*, 2017 WL 1509303, at *1 (N.D. Tex. Apr. 27, 2017) (Fitzwater, J.). To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004).

shown an intervening change in the law, or the availability of new evidence not previously available. Nor has he shown a manifest error of law or fact.

Berry posits, as he did in closing argument, that defendants had the burden to, but did not, provide evidence of the exact percentage of time he spent doing exempt or non-exempt work.[3] But as the court has previously held in this case, the court's duty with respect to the amount of time Berry spent performing exempt or non-exempt work is to consider "the amount of time the employee devotes to particular duties, as well as the significance of those duties." *Berry v. Drive Casa, LLC* ("*Berry I*"), 2022 WL 605302, at *5 (N.D. Tex. Mar. 1, 2022) (Fitzwater, J.) (quotation omitted). It is one factor the court must consider. *See Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000). And the court, consistent with circuit case law, explicitly considered it. *See Berry v. Drive Casa, LLC* ("*Berry II*"), 2022 WL 1190353, at *4 (N.D. Tex. Apr. 21, 2022) (Fitzwater, J.) ("[H]e sometimes devoted substantial hours to such [non-exempt] work."); *see also Lott*, 203 F.3d at 332 (holding that "the majority of Ms. Lott's time was not spent on the management of her employees."). The court is not aware of, and the parties have not cited, any case law that

[3]While some courts do explicitly quantify the percentage of the plaintiff's duties that were exempt and non-exempt, *e.g.*, *Cornejo v. Sy Food, Inc.*, 2009 WL 1617074, at *4-5 (S.D. Tex. Apr. 22, 2009) (collecting cases), there are no cases that the court could identify, or to which the parties have pointed, that hold that it is the defendant's burden to provide such evidence. In fact, many cases do not quantify the percentage. *E.g.*, *Johnson v. Home Team Productions, Inc.*, 2004 WL 1586552, at *9 (E.D. La. July 15, 2004) ("[T]he majority of Plaintiff's time was spent performing physical labor.").

requires the court or the defendants to do more.[4]

Alternatively, even if the court assumes *arguendo* that case law does require the court to consider certain percentages, Berry provided such evidence himself, claiming 97% of his work was non-exempt. The court considered this assertion.

To the extent Berry's remaining arguments reargue positions he took at trial or at summary judgment[5]—such as arguing that the type of work he did was non-exempt work—the court denies the motion. *See Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.) ("Such [Rule 59(e)] motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." (quotation omitted)). The court considered Berry's arguments during a four-day bench trial and issued an opinion and judgment in defendants' favor. *Id.* at *2 ("A motion for reconsideration is not ordinarily a mechanism for litigants to plug holes in their arguments after the court has informed them that they are deficient."). The court is satisfied

---

[4]Berry's selective quoting of the court's prior opinion and his suggestion that the court did not consider the amount of time he spent on his duties is unpersuasive. *Compare Berry II*, 2022 WL 1190353, at *4 (holding that defendants "have met their burden of proof when these elements are evaluated in the relevant primary duty context, despite the amount of time Berry may have devoted to non-exempt work."), *with Lott*, 203 F.3d at 332 ("[T]he facts establish that, notwithstanding the amount of time Ms. Lott performed bookkeeping and clerical work, her primary duties directly related to and were important to both Howard Wilson's management policies and its general business operations . . . .").

[5]The proof burdens at the summary judgment stage are materially different, of course, and more favorable to Berry, as the nonmovant, than are the burdens at trial. *See Berry I*, 2022 WL 605302, at *2 (describing summary judgment standard). It is not unusual—indeed, it can be quite common—for a party who defeats a summary judgment motion to be defeated at trial.

that it correctly allocated the proof burdens and ruled in defendants' favor.

* * *

Berry's May 13, 2022 motion for reconsideration and judgment as a matter of law is denied.

**SO ORDERED**.

July 21, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE